UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JANE DOE,** | ) | Case No.: _____ |
| Plaintiff | ) | |
| v. | ) | |
| **Darden Restaurants, Inc.,** d/b/a Olive Garden Italian Restaurant, | ) | |
| Defendant. | ) | |

### PLAINTIFFS' MOTION FOR PERMISSION TO FILE PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM UNDER SEAL

Plaintiff Jane Doe respectfully requests that this Court enter an order permitting Plaintiff to file Motion to Proceed Under Pseudonym under seal.

Plaintiff has today filed with the Court a Complaint alleging that the Defendant Darden Restaurants, Inc., d/b/a Olive Garden Italian Restaurant ("Defendant" or "Darden") violated Title VII of the Civil Rights Act of 1964, when it subjected Plaintiff to sexual harassment, sexual battery, and physical assault by her coworker, Mark Killinger. Because the subject of the Motion contains information of a sensitive and highly personal nature, and Mr. Killinger's history of physical aggression towards Plaintiff, she respectfully requests the Court to seal her Motion to Proceed Under Pseudonym.

Plaintiff's counsel contacted Defendant's counsel to determine Defendant's position on this Motion. As of the time of filing, Plaintiff's counsel was unable to obtain Defendant's position on this Motion.

*Ashcraft v. Conoco, Inc.* sets out the legal standard applied by this Court when determining whether it is appropriate to order the sealing of documents. It states that, before entering an order to

1

seal, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." 218 F.3d 288, 302 (4th Cir. 2000).

The first *Ashcraft* consideration only requires this Court to "allow[] sufficient time for objections to be made" to this motion for proper notice to be given. *See Bureau of Nat'l Affairs v. Chase*, No. ELH-11-1641, at *5 (D. Md. July 25, 2012) (stating that "The public notice and opportunity to challenge requirements are met when the court allows sufficient time for objections to be made."). The District of Maryland local rules require a minimum of 14 days before any ruling can take place and stipulate that "[m]aterials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court." D. Md. L.R. 105.11. The proposed order, once filed at least 14 days after this motion, satisfies this public-notice requirement. *See Norris v. PNC Bank, N.A.*, No. ELH-20-3315, at *7 (D. Md. Dec. 16, 2021) ("When motions have been docketed and available to the public for multiple weeks . . . the [requirements for giving public notice and providing a reasonable opportunity to object to the motion] have been met.").

The second *Ashcraft* consideration is satisfied because Plaintiff does not request a blanket-seal of her entire case from the public docket. At this stage, Plaintiff only requests that the Court seal her Motion to Proceed Under Pseudonym, a less drastic alternative than sealing the entire case.[1] *See generally 2023 B.R. Holdings, LLC v. Williams*, No. CV GLS 17-320, at *2 (D. Md. May 16, 2022) (citing *Briggs v. Marriott Int'l, Inc.*, 368 F. Supp. 2d. 461, 463 n. 1 (D. Md. 2005)) (finding that Defendant "clearly articulated reasons, supported by specific factual representations, to justify the sealing of the Memorandum and Exhibit, and that redaction of the Memorandum and

---

[1] Plaintiff will file additional Motions to Seal as appropriate if any further filings disclose personal, sensitive, and/or confidential information.

Exhibit is not a sufficient alternative given the contents and subject matter of the same. In particular, the Court finds that the Exhibit contains the type of personal, sensitive confidential information that can appropriately be filed under seal.") Just this week, this Court considered a Motion to Proceed Under Pseudonym and Motion to Seal simultaneously in *Jane Doe v. Anne Arundel County, et. al.* No. 1:23-CV-03451-JRR, at *4 (D. Md. May 8, 2024). In that case, the Court held that "upon consideration of the *James* factors and the circumstances of the instant case, the court concludes that allowing Plaintiff to proceed under the pseudonym "Jane Doe" is warranted," and that "in light of the court's analysis above, the Motion to Seal Plaintiff's Identifying Records will also be granted." *Id.*[2] Like the instant Plaintiff, the plaintiff in *Jane Doe* was sexually assaulted, and the court applied the *James* factor analysis to its decision to permit the plaintiff to seal identifying records. *Id.* The Court ordered that "any document that identifies Plaintiff by name, in whole or in part, shall be filed under seal, with redacted copies to be placed in the public file." *Id.* at *4.

      The third *Ashcraft* consideration requires the moving party to "provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." 218 F.3d at 302. As more broadly outlined in her Motion to Proceed Under Pseudonym, Plaintiff has presented sufficient cause to seal the Motion. The Court has been clear that "sensitive medical or personal identification information may be sealed." *Braude v. Vilnyanskaya*, No. CV ELH-17-364, at *3 (D. Md. May 17, 2017) (citing *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011); *Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming the sealing of "confidential, proprietary, commercial, or financial data" produced under a protective order)). The information and documents contained in Plaintiff's Motion are not merely

---

[2] Plaintiff directs the Court to her Motion to Proceed Under Pseudonyms for a thorough analysis of the *James* factors as they apply to the instant case.

3

"controversial, personal, or embarrassing," as was the case in *Braude*. Braude, No. CV ELH-17-364, at *3 (D. Md. May 17, 2017) (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). Plaintiff wishes to seal the pleading not to avoid criticism, but to preserve the sensitive and private nature of her allegations, especially considering the risk of retaliatory harassment and violence to Plaintiff and her child that this litigation presents.

WHEREFORE, Plaintiff respectfully requests that this Court issue an order permitting Plaintiff to file her Complaint and Motion to Proceed Under Pseudonym under seal.

Date: May 9, 2024

Respectfully submitted,

By: /s/Tamara Slater
Tamara Slater
Caroline M. Whitlock
1825 K Street, N.W.
Suite 750 Washington, D.C. 20006
Tel:  (202) 315-1732
Fax: (202) 463-6067
tamara.slater@leschtlaw.com
caroline.whitlock@leschtlaw.com
*Counsel for Plaintiff*