IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JANE DOE,** | * |
| **Plaintiff,** | * |
| v. | * Civ. No. JKB-24-1368 |
| **DARDEN RESTAURANTS, INC.,** | * |
| **Defendant.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's Motion to Proceed Under Pseudonym and to Omit Plaintiff's Home Address from Caption (ECF No. 2), Plaintiff's Motion for Permission to File Plaintiff's Motion to Proceed Under Pseudonym Under Seal (ECF No. 3), Darden Restaurant Inc.'s Motion to Seal its Opposition (ECF No. 10), and Plaintiff's Motion for Permission to File Plaintiff's Reply Under Seal (ECF No. 13). Plaintiff's Motion to proceed pseudonymously will be granted, and the sealing Motions will be granted in part and denied in part.[1]

## I.   BACKGROUND

Plaintiff Jane Doe sued Defendant Darden Restaurants, Inc., d/b/a Olive Garden Italian Restaurant, alleging that while she worked as a cook at an Olive Garden restaurant at the White Marsh Mall she was "subjected to continuous sexual harassment by a coworker" until she was forced to resign. (ECF No. 1 ¶¶ 1, 3.) Specifically, she alleges that the coworker "consistently rubbed and pressed his crotch against Plaintiff's behind when he walked behind her." (*Id.* ¶ 15.) She alleges this happened as many as "20 times" per shift and would happen "[a]nytime Plaintiff

---

[1] Defendant has also filed a Motion to Dismiss (ECF No. 14), which is not yet ripe for consideration.

bent over" in the course of her job. (*Id.* ¶¶ 16–17.) Because of this coworker's alleged actions, "Plaintiff felt violated and feared for her safety every day." (*Id.* ¶ 20.) She was allegedly "constantly on edge and humiliated while at work" and she "became vigilant to avoid him and check her surroundings at all times for fear that he would again grind his pelvis against her." (*Id.*) Plaintiff alleges that she reported the harassment to management, who failed to take adequate action. (*Id.* ¶¶ 21–25, 34–39.)

Plaintiff filed suit on May 9, 2024 bringing various sex discrimination, sexual harassment, hostile work environment and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, the Maryland Fair Employment Practices Act, and the Baltimore County Code. (*Id.* at 6–10.) She filed the suit pseudonymously and has moved to (1) continue proceeding under the pseudonym Jane Doe and (2) omit her home address from the case caption.[2]

## II.  ANALYSIS

There is a "general presumption of openness of judicial proceedings," based on the Federal Rules of Civil Procedure, common law, and the First Amendment. *Doe v. Doe*, 85 F.4th 206, 210 (4th Cir. 2023) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). Allowing litigants to proceed pseudonymously undermines that right of public access. *Id.* However, in "exceptional" circumstances, a district court may allow pseudonymous litigation if there are "sufficiently critical" "privacy or confidentiality concerns." *Id.* at 211. The Fourth Circuit has identified "five nonexhaustive factors for district courts to consider when deciding motions to proceed by pseudonym," known as the *James* factors:

1) "Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;

---

[2] The Court notes that Plaintiff does not wish to withhold her identity or address from the Defendant, merely from the public. (ECF No. 2 at 6.)

    2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties;
    3) the ages of the persons whose privacy interests are sought to be protected;
    4) whether the action is against a governmental or private party; and
    5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

*Id.* (quoting *James*, 6 F.3d at 238) (cleaned up).

Weighing all of the *James* factors, the Court concludes, without prejudice to reconsideration should circumstances change, that in this particular circumstance Plaintiff should be allowed to proceed pseudonymously and omit her address from the case caption.

First, Plaintiff's allegations are of a sensitive and highly personal nature, and the Court does not see any indication that Plaintiff is seeking anonymity merely to avoid annoyance or criticism. *See id.* The allegations are of a sexual nature and describe nonconsensual sexualized contact between the Plaintiff and the alleged harasser. (ECF No. 12 at 3–4.) The Fourth Circuit has recognized particular sensitivity in cases where the allegations involve "intimate details" of "sexual assault" and the resultant trauma, and has noted that victims of such conduct have an "interest in preserving privacy." *Doe v. Sidar*, 93 F.4th 241, 248 (4th Cir. 2024). Defendant's argument that this case law is inapposite because Plaintiff hasn't brought assault or battery claims (ECF No. 9 at 3) misses the point. It is the sensitivity of the nature of the *allegations* that matters when considering anonymity, not the legal vehicle for recovery. Accordingly, the Court concludes that the first *James* factor weighs strongly in favor of granting Plaintiff's Motion.

Second, Plaintiff has submitted a letter from a psychiatrist detailing, inter alia, Plaintiff's fear of retaliation and humiliation in the wake of the alleged harassment. (*See generally* ECF No. 2-1.)[3] Defendant points out that her fears are speculative and that she has not presented evidence

---

[3] Defendant makes much of the fact that the psychiatrist's letter is unsworn, though it is signed. (ECF No. 9 at 4–5.) They do not, however, provide the Court with any authority stating that it may not consider an unsworn letter from a psychiatrist in this context. To the extent the unsworn nature of the letter impacts its reliability, the Court has

that either Defendant or the alleged harasser have retaliated against her or attempted to harm her since she left Defendant's employ. (ECF No. 9 at 6.) The fact that Plaintiff no longer works for Defendant assuages concerns about workplace retaliation. And, in any case, Plaintiff does not wish to withhold her information from Defendant, demonstrating that her concern lies with the publicity of her name to third parties, namely the alleged harasser. (*See* ECF No. 2 at 6.) While the threat from the alleged harasser is speculative, the allegations that he (1) physically assaulted Plaintiff and (2) lives near her, (ECF Nos. 2 at 4, 2-1 at 6), are sufficient to, at this stage, legitimize Plaintiff's concerns for her physical safety and emotional wellbeing. Accordingly, the second *James* factor weighs in favor of anonymity.

Because no minor is a party to this case and the allegations do not involve any minors, the Court finds that the third *James* factor weighs against anonymity. While Plaintiff notes that she has a minor child who lives in the home (ECF No. 2 at 5), this is not, in this context, a sufficiently exceptional circumstance to counsel in favor of anonymity.

Turning to the fourth *James* factor, because both Plaintiff and Defendant are private parties, the public interest in Plaintiff's identity is somewhat diminished. *See Doe v. Public Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation."). However, because both Parties are private parties, the unfairness of allowing one to protect their identity but not the other weighs against anonymity. *Doe v. Doe*, 85 F.4th at 216.

Regarding the final factor, there is some risk of prejudice to the Defendant in allowing Plaintiff to proceed anonymously, but it is not a large risk. The Court acknowledges Defendant's

---

considered this and concluded it is sufficiently reliable at this stage. Further, the Court is granting Plaintiff's request without prejudice. To the extent factual development or other changed circumstances would materially impact the Court's conclusions herein, Defendants are permitted to reraise their objection to pseudonymity.

concern that the Plaintiff can "sully [its] reputation" while avoiding similar scrutiny. (ECF No. 9 at 8–9.) And there is perhaps some marginal additional expense or logistical difficulty stemming from allowing Plaintiff to proceed pseudonymously, as Defendant contends. (ECF No. 9 at 9.) However, in this context, those concerns only slightly weigh against granting Plaintiff's request.

First, whatever reputational harm comes to Defendant from these allegations is the same regardless of whether Plaintiff uses her actual name or Jane Doe; the allegations are the same no matter who brings them. Second, the marginal expense added to the litigation is just that: marginal. The nature of the allegations and identifying details such as the location of the restaurant and the position held by the Plaintiff have already been disclosed publicly in the Complaint. (*See generally* ECF No. 1.) Only two pieces of information are implicated by Plaintiff's request and this Order: Plaintiff's name and her address. Given the existence of electronic tools allowing the Parties to quickly find such information and redact or remove it (such as "crtl-f"), Defendant's compliance with this Order should be neither onerous nor costly. In any case, the Parties are highly encouraged to extrapolate from the Court's reasoning in this Order and meet and confer to discuss any issues to streamline the discovery process and any future filings. Agreements between counsel and a protective order can substantially resolve Defendant's concerns. Accordingly, while this factor weighs against anonymity, that weight is only slight.

Weighing all of the *James* factors in light of the circumstances and the Parties' submissions, the Court concludes that Plaintiff will be (1) permitted to proceed as Jane Doe, and (2) permitted to omit her home address from the case caption. Plaintiff will (and the Court understands she already has) disclose her name and address to Defendant's counsel upon request and on the understanding that Defendant will keep such information confidential consistent with this Order.

## III.   MOTIONS TO SEAL

The Parties have also moved to file the instant Motion and responsive briefing under seal. (*See* ECF Nos. 3, 10, 13.) The sealing Motions, however, do not justify the total sealing of the briefing of this issue. Again, the allegations in the Complaint are public. Indeed, they have been reported on widely.[4] While the Plaintiff has overcome the significant presumption of judicial openness regarding her name and address, the existing publicity regarding the nature of the allegations and other identifying details moots any need to redact or otherwise restrict anything in the filings beyond her name and address. The only exception is the psychiatric report, which contains significant personal, medical, and identifying details not otherwise public. (*See generally* ECF No. 2-1.) That document is appropriately sealed in its entirety. Accordingly, the Motions to Seal will be granted in part and denied in part and the Parties will be directed to meet and confer regarding appropriate redactions and then refile redacted versions of their briefing publicly.

## IV.   CONCLUSION

For the reasons stated herein it is ORDERED that:

1. Plaintiff's Motion to Proceed Under Pseudonym and to Omit Plaintiff's Home Address from Caption (ECF No. 2) is GRANTED without prejudice to reconsideration should circumstances change;

2. The Parties' Motions to seal (ECF Nos. 3, 10, 13) are GRANTED IN PART and DENIED IN PART; and

3. The Parties shall MEET AND CONFER regarding redactions of their respective briefs (ECF Nos. 2, 9, 12) and shall PUBLICLY FILE partially redacted versions of those

---

[4] *See, e.g.*, Cody Boteler, *Olive Garden sued over sexual harassment allegations at White Marsh restaurant*, The Baltimore Banner (June 3, 2024), https://www.thebaltimorebanner.com/community/local-news/olive-garden-sexual-harassment-lawsuit-QWGNKIGMGFAGDIQTJECTKA6P7M/.

documents omitting Plaintiff's name and home address consistent with this Order within 7 days of the date of this Order.

DATED this __6__ day of June, 2024.

BY THE COURT:

*(signature)*

James K. Bredar
United States District Judge