IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JANE DOE,**<br><br>   **Plaintiff,**<br><br> v.<br><br>**GRMI, Inc.**<br><br>   **Defendant.** | Case No. 1:24-cv-01368-JKB |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant GRMI, Inc. ("GRMI"), by counsel, hereby answers and responds to as to the following allegations set forth in the numbered paragraphs of Plaintiff's Complaint.

## NATURE OF THE CASE

1. Admitted.

2. Admitted.

3. Denied.

4. Denied.

5. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiff's lawsuit alleges violation of Title VII of the Civil Rights Act ("Title VII") and of the Maryland Fair Employment Practices Act ("FEPA"). Claims brought under the Baltimore County Code have been dismissed.

## VENUE AND JURISDICTION

6. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant does not contest that this Court has jurisdiction over Plaintiff's remaining claims not dismissed in this action.

7. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant does not contest that venue is properly laid in this Court.

## THE PARTIES

8. Defendant admits only that Plaintiff formerly worked for it, but lacks knowledge sufficient to admit or deny the remaining allegations in this paragraph and therefore denies them.

9. Admitted.

10. Admitted. Plaintiff's claims brought under the Baltimore County Code have been dismissed and therefore no response is required as to her status as an "employee" under this law.

11. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant does not contest that Plaintiff exhausted her administrative remedies prior to filing this lawsuit.

12. Defendant lacks knowledge sufficient to admit or deny the date upon which Plaintiff received her Right to Sue notice from the EEOC Baltimore Field Office, and consequently, whether Plaintiff filed the instant lawsuit within 90 days of receiving such notice. Lacking such knowledge, Defendant denies the allegations in this paragraph.

## **STATEMENT OF FACTS**

13. Defendant denies Plaintiff began working for Defendant on August 1, 2022. Defendant admits the remaining allegations in this paragraph.

14. Defendant admits the allegations in the first sentence of this paragraph. Defendant denies the allegations in the second sentence of this paragraph.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendant admits the allegations in the first sentence of this paragraph. The remaining allegations are denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT I

*Sex discrimination/sexual harassment in violation of Title VII of the Civil Rights Act*

45. Defendant incorporates by reference all of the foregoing responses as if set forth fully herein.

46. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant does not contest that Defendant was an "employer" within the meaning of Title VII as to Plaintiff.

47. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant does not contest that Plaintiff was an "employee" within the meaning of Title VII.

48. Denied.

49. Denied.

## **COUNT II**

*Hostile Work Environment & Harassment: Retaliation for reporting*
*sex discrimination/sexual harassment in violation of Title VII of the Civil Rights Act*

50. Defendant incorporates by reference all of the foregoing responses as if set forth fully herein.

51. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant does not contest that Defendant was an "employer" within the meaning of Title VII as to Plaintiff.

52. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant does not contest that Plaintiff was an "employee" within the meaning of Title VII.

53. Denied.

54. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

55. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

56. The constructive discharge claim contained within this paragraph has been dismissed, and therefore no response is required by Defendant. To the extent a response is required, Defendant denies the allegations in this paragraph.

57. Denied.

58. Denied.

## COUNT III

*Sex discrimination/sexual harassment in violation of the Maryland Fair Employment Practices Act*

59. Defendant incorporates by reference all of the foregoing responses as if set forth fully herein.

60. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant does not contest that it was an employer under the FEPA as to Plaintiff.

61. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant does not contest that Plaintiff was an "employee" as defined under FEPA.

62. Denied.

63. Denied.

## COUNT IV

*Hostile Work Environment & Harassment: Retaliation for reporting sex discrimination/sexual harassment in violation of the Maryland Fair Employment Practices Act*

64. Defendant incorporates by reference all of the foregoing responses as if set forth fully herein.

65. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant does not contest that it was an employer under the FEPA as to Plaintiff.

66. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant does not contest that Plaintiff was an "employee" as defined under FEPA.

67. Denied.

68. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

69. The allegations contained in this paragraph constitute legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

70. The constructive discharge claim contained within this paragraph has been dismissed, and therefore no response is required by Defendant. To the extent a response is required, Defendant denies the allegations in this paragraph.

71. Denied.

72. Denied.

### [DISMISSED] COUNT V

*Sex discrimination/sexual harassment in violation of the Baltimore County Code (Article 3, Title 3, Subtitle 11 of the Baltimore County Code 2003)*

73. Defendant incorporates by reference all of the foregoing responses as if set forth fully herein. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

74. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

75. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

76. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

77. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

### [DISMISSED] COUNT VI

*Hostile Work Environment & Harassment: Retaliation for reporting sex discrimination/sexual harassment in violation of Baltimore County Code (Article 3, Title 3, Subtitle 11 of the Baltimore County Code 2003)*

78. Defendant incorporates by reference all of the foregoing responses as if set forth fully herein. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

79. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

80. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

81. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

82. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

83. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

84. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

85. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

86. The allegations contained in this paragraph are part of a claim that has been dismissed by this Court, so therefore no response is required.

## JURY TRIAL DEMAND

87. This paragraph presents a demand for a jury trial, so no response is required. To the extent a response is required, Defendant denies that any case or controversy exists so as to entitle Plaintiff as to a trial by jury.

## PRAYER FOR RELIEF

No response is required from Defendant to Plaintiff's Prayer for Relief. To the extent a response is required, Defendant denies all allegations that it engaged in any unlawful activity and specifically denies that Plaintiff is entitled to an award or relief of any kind from Defendant.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred to the extent they fail to state a valid claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent she has failed to exhaust her administrative remedies.

### THIRD DEFENSE

Plaintiff cannot prove each and every element of the claims set forth in her Complaint.

**FOURTH DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted for sex discrimination pursuant to Title VII or pursuant to the FEPA because Plaintiff cannot establish that any actions taken against her by Defendant were based on her sex, nor that she was subject to an adverse action.

**FIFTH DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted for hostile work environment based on sex pursuant to Title VII or the FEPA because she cannot establish that any actions taken against her by Defendant were based on her sex, and, with respect to Title VII, because none of the acts complained of rise to the level of so severe or pervasive to alter the terms and conditions of her employment, and with respect to FEPA, because in consideration of the totality of the circumstances, a reasonable person would not find the alleged working conditions to be abusive or hostile.

**SIXTH DEFENSE**

Defendant can avoid liability for Plaintiff's hostile work environment claim under Title VII based on the *Faragher-Ellerth* defense and, with respect to FEPA, Defendant can avoid liability because the negligence of Defendant did not lead to the harassment or continuation of harassment.

**SEVENTH DEFENSE**

Any actions taken by Defendant regarding Plaintiff were lawful, proper, reasonable and appropriate.

**EIGHTH DEFENSE**

Plaintiff has suffered no cognizable injury, loss, or damages that can be attributable to Defendant.

**NINTH DEFENSE**

Defendant is not liable for punitive damages because it committed no malicious, wanton, reckless acts against Plaintiff or otherwise acted with willful disregard of Plaintiff's rights.

**TENTH DEFENSE**

Defendant is entitled to an offset of any damages to which Plaintiff is entitled for actual wages, payments, earnings, or any other income she received from any source, or to the extent that Plaintiff has otherwise failed to mitigate her damages.

**ADDITIONAL DEFENSES RESERVED**

Defendant reserves the right to assert additional or supplemental defenses as warranted by the information developed through the discovery process in this litigation.

**WHEREFORE,** Defendant GRMI, Inc. prays for judgment against Plaintiff as follows:

1. For an Order dismissing Plaintiff's Complaint with prejudice and entering judgment in favor of Defendant and against Plaintiff;

2. An award for all costs, disbursements, and reasonable attorneys' fess which Defendants have incurred in defending this matter; and

3. For any other relief that this Court deems just and proper.

Dated:  August 2, 2024

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Steven E. Kaplan*

Steven E. Kaplan (Md. Fed. Bar No. 16531)
Bradley C. Tobias (Md. Fed Bar No. 20782)
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4046
Tel: 202.842.3400
Fax: 202.842.0011
skaplan@littler.com
btobias@littler.com

*Counsel for Defendant GRMI Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on this 2nd day of August, 2024 via the Court's ECF Filing System upon the following counsel for Plaintiff Jane Doe.

Tamera Slater, Esq.<br>
Alan Lescht & Associates<br>
1825 K Street NW<br>
Suite 750<br>
Washington, DC 20006<br>
tamara.slater@leschtlaw.com

                                              */s/ Steven E. Kaplan*
                                              Steven E. Kaplan